IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CR-00202-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JALEEL DUNCAN,

    Defendant.

ORDER

This matter comes before the court on Defendant's pro se Motion for Sentence Reduction under 18 U.S.C. § 3583(c)(1)(A) [DE 70] and the United States' response in opposition to the motion (DE 100). Defendant seeks compassionate release based on his mental and physical health and his role as "sole caregiver" for his eight children. For the reasons that follow, Defendant's motion is denied.

**I.    Background**

On May 17, 2021, this court sentenced Defendant to a term of 169 months' imprisonment after he pled guilty to charges of possession with intent to distribute a quantity of heroin, fentanyl, cocaine, cocaine base (crack), and marijuana and possession of a firearm in furtherance of drug trafficking. DE 62. Defendant filed the present motion on June 16, 2023, requesting that he court release him based on the following "extraordinary and compelling reasons": (1) he has received no mental health treatment for his diagnoses of post-traumatic stress disorder ("PTSD"), anxiety, and depression from prison violence; (2) he has received no treatment for substance abuse; (3) he has eight children for whom he has become the only caregiver, because his aunt is "sick and

dying"; and (4) he is becoming obese with high blood pressure due to the prison environment. DE 70.

In accordance with Standing Order 19-SO-3, the court directed the Federal Public Defender to appoint counsel to represent Defendant for the limited purpose of determining whether he may qualify to seek a reduction of his sentence. DE 72. On June 28, 2023, Sherri Royall Alspaugh filed a Notice of Limited Appearance, but filed nothing else in the case, so, on January 10, 2024, the court directed that counsel file a memorandum in support of the pending motion or a notice advising whether the Defendant may qualify to seek a reduction of sentence. DE 92.

Two days later, Jean-Paul Eduard Jacquet-Freese entered his appearance and, later, requested an extension of the deadline to file the memorandum or notice. DE 93, 95. On March 1, 2024, defense counsel moved to withdraw advising, "the Office of the Federal Public Defender does not intend to file anything further associated with the Limited Notices of Appearance." DE 97. The court granted the motion and directed the United States to file a response to the pro se motion on or before March 25, 2024. The government filed a timely response, arguing that Defendant has not established that he exhausted required administrative remedies and, alternatively, Defendant has not demonstrated an extraordinary and compelling reason for release or that a sentence reduction is warranted upon consideration of the § 3553 factors.

Although provided the opportunity to do so, Defendant did not file a reply brief. In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II. Legal Standards

For a motion seeking relief under § 3582(c)(1)(A), a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[1] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383, 211 L. Ed. 2d 204 (2021).

In its 2021 manual,[2] the Sentencing Commission outlined a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See*

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

[2] The United States Sentencing Commission adopted a new § 1B1.13 policy statement, which became effective on November 1, 2023. At least one district court in this circuit has applied the new statement, notwithstanding that the motion in that case was filed in February 2023. *See United States v. Penniegraft*, No. 1:08CR231-2, 2024 WL 328716, at *2 n.3 (M.D.N.C. Jan. 29, 2024) (finding that the new policy statement did not "adversely affect [defendant]'s avenues for relief"); *see also* USSG § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the *ex post facto* clause, and requiring application of manual "in its entirety"). In this case, the 2023 policy statement does not appear to narrow the range of possible extraordinary and compelling reasons; nevertheless, Defendant's motion was filed well before the new policy statement's effective date and he filed nothing after the amendment became effective and, thus, the court will apply the 2021 version of the USSG manual in effect at the time of the

3

U.S. Sent'g Guidelines Manual § 1B1.13, cmt. n.1(A)-(C) (U.S. Sent'g Comm'n 2021) (hereinafter "U.S.S.G.") (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements or enumerated family circumstances). Notably, this version of Section 1B1.13 pre-dates the enactment of the First Step Act, which amended Section 3582 to provide defendants with direct access to the courts. Consequently, the Fourth Circuit has found that "[t]he only policy statement that possibly could be 'applicable'" was Section 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added); *see id.* at 281 ("What § 3582(c)(1)(A) requires is that sentence reductions be consistent with 'applicable policy statements.' And here, that consistency requirement simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[].'").

However, the Fourth Circuit has also recognized that Section 1B1.13, "though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants'" for defining medical conditions that may serve as extraordinary and compelling reasons for a sentence reduction. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7); *see also United States v. Hargrove*, 30 F.4th 189, 197-98 (4th Cir. 2022) (approving consideration of § 1B1.13, BOP Program Statement 5050.50, and other factors). Moreover, the appellate court has determined that "the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review

---

motion's filing and will consider the full range of extraordinary and compelling reasons available under *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). *See also United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021).

4

§ 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *Jenkins*, 22 F.4th at 169–70; *see also McCoy*, 981 F.3d at 284 ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted) (emphasis in original).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable § 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

### III. Analysis

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

#### A. Exhaustion

First, the court finds that Defendant's motion is timely, given that it was filed more than thirty days after he submitted his first request for compassionate release to the warden at his facility. *See* 18 U.S.C. § 3582(c)(1)(A) (a defendant's motion is proper if compassionate release is sought after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). While the government contends that Defendant failed to file a copy of the administrative request with his motion, Defendant signed the motion under penalty of perjury, he

5

attested that he sent the request to the warden on May 1, 2023, and more than thirty days lapsed before he filed his motion. *See Muhammad*, 16 F.4th at 131 (finding that exhaustion under § 3582(c)(1)(A) is not a jurisdictional requirement and that a defendant's motion is timely if more than thirty days have passed since he submitted a request to the warden).

B. Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Second, the court finds that Defendant's stated reasons supporting his request for a sentence reduction are neither extraordinary nor compelling.

1. *Health Conditions*

When assessing compassionate release claims, district courts should always consider a defendant's "individual circumstances." *United States v. Brown*, 78 F.4th 122, 129 (4th Cir. 2023).

Defendant attests that he suffers from PTSD, depression, anxiety, and substance use disorders, for which he receives no treatment at his facility. DE 70 at 5. While the court may accept Defendant's factual attestation, Defendant is neither a physician nor other medical expert, and he provides no medical records or other evidence supporting his stated mental health diagnoses. These conditions, alone, do not appear to be life-threatening and Defendant does not contend that, due to these ailments, he is unable to care for himself. Without this information, as well as other information regarding the seriousness of his conditions, his efforts to seek treatment, and whether he suffered from the condition(s) before incarceration and received treatment at that time, the court cannot conclude that Defendant's circumstances are extraordinary or compelling sufficient to reduce his sentence. *Cf. United States v. Beck*, 425 F. Supp. 3d 573, 580-82 (M.D.N.C. 2019) (significant delays by medical personnel in treating known "invasive" breast cancer that had spread to the defendant's lymph nodes and subsequently appeared in the defendant's other breast

6

after a months-long delay of chemo or radiation therapy justified reducing the defendant's sentence).

Defendant also states: "I am becoming obese and out of shape with high blood pressure and poor diet which cannot be helped in a prison environment and I won't recover and medical issues get worse by [the] day." DE 70 at 5. Again, Defendant attaches nothing demonstrating that his blood pressure is "high," that he has become medically "obese," or that he suffers from other medical issues. Moreover, Defendant (admittedly) describes circumstances that are likely common to many inmates. *See United States v. Saunders*, 734 F. Supp. 3d 503, 512 (E.D. Va. 2024), *aff'd*, No. 24-6545, 2024 WL 4824558 (4th Cir. Nov. 19, 2024) ("approximately 42 percent of Americans are obese, such that '[a]ssuming federal prisoners experience [obesity] at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half of the prison population would be eligible for compassionate release"); *see also United States v. Williams*, No. 14-CR-428, 2021 WL 5827327, at *3 (E.D. Va. Dec. 8, 2021) ("courts have recognized that hypertension, another common ailment, does not establish extraordinary and compelling circumstances warranting compassionate release"). Defendant also does not describe whether he himself has been impeded from trying to improve or manage these conditions. The court finds Defendant's stated health conditions do not provide an extraordinary and compelling reason to reduce his sentence.

    2.    *Sole Caregiver*

Relevant here, application note one to § 1B1.13 provides the following circumstances which may constitute extraordinary and compelling reasons:

(C) Family Circumstances.

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 app. n. 1(C) (2021). For purposes of this policy statement, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *United States v. Pate*, No. 5:17-CR-346-D, 2022 WL 14131640, at *4 (E.D.N.C. Oct. 24, 2022) (quoting BOP Program Statement § 5050.50 at 7 (Jan. 17, 2019)).

Courts in this circuit typically find that family circumstances constitute an extraordinary and compelling reason for early release when a defendant has established both that a caregiver is incapacitated and that defendant is the only person able to provide care. *See, e.g., United States v. Patrick*, No. 7:17-CR-00028-M, DE 116 (E.D.N.C. Nov. 15, 2022); *United States v. Burrough*, No. 3:04-CR-00191-FDW, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022); *United States v. Brown*, No. CR JKB-16-0427, 2022 WL 1664474, at *3 (D. Md. May 25, 2022); *United States v. Landry*, No. 2:16CR171 (RCY), 2021 WL 5493497, at *6 (E.D. Va. Nov. 22, 2021); *United States v. Lottier*, No. 7:16cr030, 2020 WL 7233363, at *2 (W.D. Va. Dec. 7, 2020) (collecting cases, including in this district, denying release absent a "robust evidentiary showing" that the defendant is the only available caretaker). "Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely related and incapacitated adult." *Burrough*, 2022 WL 2318512, at *5; *see also Brown*, 2022 WL 1664474, at *3 ("Brown also fails to provide sufficient evidence that he is the *only possible* caregiver for his father.") (emphasis in original); *United States v. Henriquez*, No. 1:15-

8

CR-225-1, 2021 WL 5771543, at *3 (M.D.N.C. Dec. 6, 2021) ("courts in the Fourth Circuit have generally denied compassionate release on these grounds when other caregivers are available.").

Here, Defendant contends that he has "8 dependent children [for which he is] a caregiver and due to family hardship because [his] aunt is sick and dying [he] is the only available caregiver and need to get home to support [children] between ages 2-11." DE 70 at 5. Defendant does not explain why this information is different than that provided by him, and verified by his father, in the presentence investigation report, identifying his children and stating that "[e]ach of the defendant's children and their [five] mothers reside in the Vance, Granville, or Wayne County areas of North Carolina." PSR ¶ 33, DE 54. Defendant's contention is also contrary to the information he provided in the attachment to the present motion, in which he listed his girlfriend, Briana Morgan (mother of two of his children), as the owner or renter of the property at which he intends to reside when released, together with all eight children who are listed as "other residents living at the above listed [residence]." DE 70-1 at 1. Even if the court were to credit the Defendant's statement that his "aunt is sick and dying," Defendant has failed to demonstrate that he is (or would be) the sole caretaker of his children.

In sum, this court finds Defendant fails to establish an extraordinary and compelling reason to grant him compassionate release under § 3582(c)(1)(A).

C.  Consideration of the § 3553(a) Factors

Although not required to do so,[3] the court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's motion at this time. Section

---

[3] The Fourth Circuit has instructed that a district court must consider § 3553(a) factors if it "*first* finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Jenkins*, 22 F.4th at 170 ("*If* a district court finds that a defendant has demonstrated 'extraordinary and compelling

9

3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a); *see also Jenkins*, 22 F.4th at 170.

The undersigned presided over this action from its inception, including the arraignment, change of plea, and sentencing hearing, and finds Defendant's offense conduct significant: Defendant fled the scene of a traffic stop and was arrested after a loaded 9mm pistol and several grams of various narcotics were found along his flight path; thereafter, he informed law enforcement that had introduced heroin laced with fentanyl to the Oxford and Henderson areas of North Carolina in 2016; had access to suppliers with "300 to 500 bricks" and made trips to Newark, New Jersey, to purchase the heroin; purchased cocaine and cocaine base from a couple of sources of supply; and described himself as a "gang banger" and member of the G-Shine Blood street gang. PSR, ¶¶ 8, 10, DE 54. This conduct reflects Defendant's concerning lack of consideration for the lives and well-being of others, as well as his disrespect for the law. The court finds that

---

reasons' for release, it must ***then*** consider the § 3553(a) sentencing factors 'to the extent that they are applicable'") (emphasis added).

10

Defendant's history and offense conduct strongly implicate the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B).

On May 17, 2021, this court departed significantly downward[4] and sentenced Defendant to 109 months on Count 1 and a mandatory 60 months (to run consecutively to any other sentence) on Count 2, for a total term of 169 months in prison. J., DE 62. According to the case docket, Defendant has served only about 40% of his sentence (Defendant was detained in May 2020 and is scheduled to be released June 4, 2032; *see* https://www.bop.gov/inmateloc/, last visited February 18, 2025). The court has fully considered the § 3553(a) factors and concludes that the purposes of Defendant's sentence remain unfulfilled.

## IV. Conclusion

While the Defendant may, indeed, suffer the mental and physical health conditions he lists in his motions, Defendant has failed to provide sufficient information supporting a finding of an extraordinary and compelling reason to reduce Defendant's sentence. The court also recognizes that Defendant engaged in serious criminal conduct over the course of approximately three years in distributing dangerous drugs and possessing at least one firearm in furtherance of drug trafficking. This conduct resulted in a fourteen-year sentence, for which Defendant has not yet fulfilled the purposes set forth in 18 U.S.C. § 3553(a).

---

[4] Defendant faced a guidelines imprisonment range of 211-248 months. PSR ¶¶ 63-65, DE 54.

11

For these reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) [DE 70] is DENIED.

SO ORDERED this 20th day of February, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE